UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL A. FRYE,

      Plaintiff,

v.                              Case No.: 2:20-cv-415-FtM-38NPM

FNU SNIDER, FNU BROCK, FNU
DAWSON, FNU FROST, CAPT.
ROSS, SGT. WALKER, SGT.
HALL, K. WILLIAMS, N.
RINCONES, CHRISTOPHER
SUTTER, D. TORRES, OFFICER
MARSHALL, FNU BETTEZ,
OFFICER CRAWFORD, FNU
BWER, LESTER FERNANDEZ,
FNU LOMBARDO and MARK
INCH,

      Defendants.

_____/

### OPINION AND ORDER[1]

Plaintiff Michael A. Frye ("Frye"), who is confined in the Florida Department

of Corrections at Charlotte Correctional Institution, is proceeding on his *pro se*

Complaint filed under 42 U.S.C. § 1983. (Doc. 8). Plaintiff seeks to proceed i*n*

*forma pauperis* on his Complaint. (Doc. 11). Because the Court finds the

Complaint subject to dismissal under 28 U.S.C. § 1915A, the Court will neither

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

grant Plaintiff *in forma pauperis* status, nor assess the $350.00 filing fee under 28 U.S.C. § 1915(b)(1).

## BACKGROUND

The Complaint names eighteen defendants:  Warden Snider, Assistant Warden Brock, Assistant Warden Dawson, Captain Frost, Captain Ross, Sergeant Walker, Sergeant Hall, Assistant Warden Williams, N. Rincones, Assistant Attorney General Christopher Sutter, Officer D. Torres, Officer Marshall, Officer Bettez, Secretary Department of Correction, Officer Crawford, Officer Bwer, Inspector General Lester Fernandez, and Sergeant Lombardo.  While the Complaint identifies eighteen defendants, the Complaint sets forth factual allegations only against Defendant Officer Torres ("Torres").  Thus, because the Complaint is devoid of any factual allegations against the remaining defendants, the Court finds the Complaint subject to dismissal for failure to allege personal involvement and failure to comply with Fed. R. Civ. P. 8(a)(2).

The Court will therefore only address the claims as alleged against Defendant Officer Torres.  These facts, which are assumed true at this stage of pleadings, are recounted as alleged.  On January 3, 2019, Plaintiff engaged in "an altercation" with Defendant Torres. (Doc. 8 at 8).  Plaintiff maintains Defendant Torres, in retaliation, "vindictively" entered his cell and searched his personal property. (*Id.*).  During the search, Torres recovered a weapon in the open heater of the cell and other personal property. (*Id.*).  Torres returned some of Plaintiff's belongings, but Frye alleges he never received certain books and legal work.  (*Id.*

at 8-9). And Torres regularly subjected Plaintiff to searches of his person. (*Id.* at 9). Now, Plaintiff sues Defendant Torres for violating his constitutional rights under the First, Fourth, and Fourteenth Amendments.

## LEGAL STANDARD

Because Frye seeks to proceed *in forma pauperis*, the Court is to review the complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The standard that governs dismissals under 12(b)(6) applies to dismissals under § 1915 (e)(2)(B)(ii). *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). However, *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly,* 550 U.S. at 556. Setting forth "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" is not enough to meet the plausibility

3

standard.  *Twombly,* 550 U.S. at 555.  But the Court must read a *pro se* plaintiff's complaint in a liberal fashion.  *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that the defendant(s) deprived him of a right secured under the United States Constitution or federal law, and (2) the deprivation occurred under color or state law.  *See Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).  Plaintiff must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *See Swint v. City of Wadley*, 51 F.3d 988, 999 (11th Cir. 1995).

**DISCUSSION**

**A. Access to Court**

Plaintiff first brings a denial of access to court claim.  He argues Defendant Torres violated his constitutional rights by denying him access to legal materials. In *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), the Supreme Court clarified that institutions must only make sure that a plaintiff has "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  It is access to the courts which is the *protected* constitutional right, *not* access to a law library, copies, specific legal resources, or computer. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).  Crucial here, a plaintiff who alleges a denial of access to court claim must show how the interference caused him actual injury regarding the litigation.  *See Lewis,* 518 U.S. at 349-

4

351. In other words, a plaintiff must be able to demonstrate the "prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998) (citation omitted).

Here, the Complaint fails to plausibly articulate an access to court claim. At most, the Complaint states Torres failed to return Plaintiff's legal work and books to him. The Complaint, however, does not allege an actual injury. Frye neither asserts Torres' actions prevented him from pursuing this case, nor any other post-conviction claim or civil rights action. Plaintiff's inability to access his legal work and books, alone, does not give rise to a constitutional violation. *See Lewis,* 518 U.S. at 351. With no allegation of actual injury, Plaintiff fails to state a claim under the First Amendment.

## B. Retaliation

Next, Plaintiff asserts Defendant Torres retaliated against him in violation of the First Amendment. Frye states, Torres conducted unnecessary searches of his person and denied him access to legal materials in retaliation for Frye engaging in an altercation with Officer Torres. This claim fares no better than the first.

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right to free speech." *Farrow,* 320 F.3d at 1248 (citation omitted). "To prevail on a retaliation claim, the inmate must establish that "(1) his speech was constitutionally protected; (2) the inmate suffered adverse

action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [] and the protected speech[.]" *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (citation omitted). A prisoner must show more than his personal belief that he is the victim of retaliation. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). And conclusory allegations of retaliation, without more, cannot state a claim of retaliation. *See Smith v. Fla. Dep't of Corr.*, 375 F. App'x 905, 910-11 (11th Cir. 2010) (citation omitted).

The Complaint fails to plausibly state a claim for retaliation. First, to the extent the Complaint attributes liability to Defendant Torres for engaging in an altercation, this action does not constitute constitutionally protected speech. Alternatively, if Plaintiff maintains Defendant Torres retaliated against him for filing grievances or an action in state court, the claim fails because it rests on only conclusory allegations. Frye alleges no specific dates, a chronology of events, or specific facts pointing to Defendant Torres' intent to retaliate against him. The Complaint pleads no particular circumstances, such as a close proximity in time between when Plaintiff filed the grievances/lawsuit and any adverse action by Defendant Torres. Without these allegations, Plaintiff shows no causal relationship between Defendant's conduct and Plaintiff's grievances and lawsuits. Thus, Plaintiff's claim for retaliation must be dismissed.

## C. Unnecessary Searches

Next, Plaintiff asserts Defendant Torres conducted illegal searches of his cell and person. The Court disagrees.

The Fourth Amendment is one of the constitutional protections generally forfeited by a prisoner. "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). So "[p]risoners have no Fourth Amendment rights against searches of their prison cells . . . [and] [t]hey must undergo visual body-cavity searches executed without individualized suspicion." *Padgett v. Donald*, 401 F.3d 1273, 1278 (11th Cir. 2005) (citations omitted).

Here, Defendant Torres did not violate the Fourth Amendment when he searched Plaintiff's cell and person. *See Shaarbay v. Palm Beach County Jail*, 350 F. App'x 359, 362 (11th Cir. 2009) (citations omitted). Plaintiff had no reasonable expectation of privacy in his prison cell, and he concedes a weapon was found in his open heater. And Plaintiff alleges no facts that Defendant Torres' search even amounted to a more intrusive, but permissible, search of his body cavities. Even had Defendant Torres conducted a strip search of Plaintiff (not alleged), Frye has asserted no facts showing the search was conducted in an unreasonable or abusive manner. Therefore, Plaintiff's Fourth Amendment claim is due to be dismissed.

**D. Due Process**

Last, Frye claims that taking his property from his cell on January 3, 2019 violated his Fifth Amendment right to due process.  The Fifth Amendment, however, only applies to the federal government, not to the states.  *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  Even if Plaintiff tries to state a due process claim under the Fourteenth Amendment, his claim fails on the merits. The Supreme Court has held that the Fourteenth Amendment Due Process Clause is not violated when an inmate loses personal belongings due to the negligent or intentional actions of correction officers if the state provides an adequate post-deprivation compensatory remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Plaintiff has an adequate post-deprivation remedy.  First, the Florida Administrative Code provides an administrative remedy process for inmates to challenge deprivations of inmate property.  Second, a claim about any loss or destruction of his personal property may be raised in a tort action under Florida state law.  Without showing that the state's post-deprivation remedy is inadequate to litigate his lost property claim, Plaintiff fails to state a claim under the Fourteenth Amendment. Because the Court is dismissing this case without prejudice, Plaintiff may file a new complaint.  Plaintiff should not use this case number when filing a new complaint.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Michael Frye's Complaint (Doc. 8) is **DISMISSED without prejudice under 28 U.S.C. § 1915A and § 1915(e)(2)(B)(ii)**.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 7, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record